880 F.2d 415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Earle MAYES, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 89-5365.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a0.
 
 
 2
 James Mayes moves for counsel and appeals for the district court's judgment granting the respondents' motion to dismiss or for summary judgment concerning his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a jury trial, Mayes was convicted of first degree robbery and as being a second-degree persistent felony offender, and was sentenced to twenty-one years.
 
 
 3
 Mayes alleged that he received ineffective assistance of counsel, and that he was denied a fair trial when peremptory challenges were improperly used to eliminate prospective black jurors. Mayes himself is black.
 
 
 4
 After reviewing the petition, the motion to dismiss, the magistrate's report and recommendation, and Mayes' objections, the district court dismissed the petition as meritless.
 
 
 5
 Mayes raised the same claims on appeal.
 
 
 6
 Upon consideration, we conclude that the district court correctly decided that Mayes was not denied effective assistance of counsel. In order to establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Mayes claimed that his trial counsel only talked with him on the day of trial, and did nothing to prepare a defense, thereby prejudicing his defense. However, as the magistrate correctly observed in his report, Mayes has not shown "a reasonable probability that, absent the errors [of counsel], the fact-finder would have had a reasonable doubt respecting guilt." Id. at 695. Therefore, Mayes' ineffective assistance of counsel claim is meritless.
 
 
 7
 Next, the district court correctly decided that Mayes was not denied a fair trial. Mayes argued that the prosecutor peremptorily struck black jurors in a discriminatory manner. While it is true that this practice is an unconstitutional violation of defendant's right to equal protection, see Baston v. Kentucky, 476 U.S. 79 (1986), Mayes was convicted in February 1982. His conviction was affirmed on appeal in October 1982. Batson does not apply retroactively to collateral review of convictions which became final before that opinion was issued. See Teague v. Lane, 109 S.Ct. 1060, 1067 (1989); Allen v. Hardy, 478 U.S. 255, 258 (1986) (per curiam). Similarly, Mayes may not rely upon this court's decision in Booker v. Jabe, 775 F.2d 762 (6th Cir.1985), vacated, 478 U.S. 1001, reinstated on remand, 801 F.2d 871 (6th Cir.1986), cert. denied, 479 U.S. 1046 (1987), holding that the practice violates defendant's sixth amendment rights. Booker likewise does not apply retroactively to convictions made final prior to its announcement in October 1985. Bruner v. Perini, 875 F.2d 531, 533-34 (6th Cir.1989).
 
 
 8
 For these reasons, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 ENTERED BY ORDER OF THE COURT